## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert William Washington, | Case No. 20-cv-1905 (ECT/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| The United States, | |
| Defendant. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Robert William Washington's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

Plaintiff Robert William Washington brings this action related to the imposition upon him of child-support obligations in state court. The matter cannot go forward for three reasons.

First, under Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name— or by a party personally if the party is unrepresented." Plaintiff has not signed either the Complaint or his application to proceed in forma pauperis ("IFP"). The IFP application cannot be granted, and this case cannot proceed, unless those documents are signed.

Second, the record now before the Court lacks any indication that the Court possesses the requisite subject matter jurisdiction to adjudicate this matter. See, Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Complaint does not include "a short and plain statement of the grounds for the

court's jurisdiction," Fed. R. Civ. P. 8(a)(1), and review of the Complaint does not reveal grounds upon which this Court can conclude that subject matter jurisdiction exists in the present action.

Plaintiff does not—and, because the action is brought solely against the United States government, cannot—allege that the parties are of diverse citizenship such that 28 U.S.C. § 1332(a) provides a basis for jurisdiction. No federal question of law is presented by the Complaint,[1] and thus 28 U.S.C. § 1331 cannot provide a basis for jurisdiction, either. Without subject matter jurisdiction, this Court cannot proceed; dismissal of this matter is ultimately recommended on that basis.

Third, even if Plaintiff's Complaint was liberally and broadly construed as establishing the requisite subject matter jurisdiction, Plaintiff has failed to state a claim upon which relief may be granted against the United States. See, 28 U.S.C. § 1915(e)(2)(B)(ii). The sole factual allegation raised with respect to the United States government is that "[t]he United States allowed the child support agency to commit fraud against me because no contract was entered into and no DNA test was taken to establish paternity." (Compl., [Docket No. 1], at 2). But the "fraud" at issue is not explained in any detail by Plaintiff, see, Fed. R. Civ. P. 9(b) (requiring that "a party must state with particularity the circumstances constituting fraud"), and neither the Court nor the Defendant would have any way to know from the Complaint how the United States "allowed" this fraud to occur. Although Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," more is needed than the little provided by Plaintiff.

---

[1] Plaintiff alleges in his Complaint that "[t]he administrative child support process governed by Minn. Stat. 518.5511 (1996) is unconstitutional because it violates the separation of powers required by Minn. Const. art. III, 1." (Compl., [Docket No. 1], at 1) (quotation omitted). The question of whether a state administrative process violates a state constitutional provision is governed entirely by state law, not federal law.

2

Accordingly, it is recommended that this matter be **DISMISSED without prejudice**. Because this Court cannot recommend dismissal of this action on the merits in the absence of subject matter jurisdiction, it is that want of subject matter jurisdiction that forms the basis for the recommendation of dismissal.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.  This matter be **DISMISSED without prejudice** for lack of subject matter jurisdiction; and

2.  The application to proceed in forma pauperis of Plaintiff Robert William Washington, [Docket No. 2], be **DENIED as moot**.

Dated: December 2, 2020                             s/Leo I. Brisbois
                                                    Hon. Leo I. Brisbois
                                                    United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).